RAYES, INC., d/b/a Wheelchairs of Kansas, Plaintiff,

v.

Dale BASGALL, Defendant,

Dale Basgall, Third–Party Plaintiff,

v.

Willard Frickey, a/k/a Lee Frickey, Third–Party Defendant,

Dale Basgall, Counter–Claimant,

v.

Rayes, Inc., d/b/a Wheelchairs of Kansas, Counter–Defendant.

No. CIV. A. 97–2588–GTV.

United States District Court, D. Kansas.

May 10, 1999.

Leland H. Corley, Lewis, Rice & Fingersh, L.C., Kansas City, MO, for Rayes Inc, a Kansas Corporation dba Wheelchairs of Kansas, plaintiffs.

Michael S. Holland, Russell, KS, for Dale Basgall, defendant.

## MEMORANDUM AND ORDER

VANBEBBER, Chief Judge.

Plaintiff Rayes, Inc. filed this diversity action against defendant Dale Basgall alleging claims for appropriation of trade secrets, breach of loyalty to his employer, and conversion of various design drawings regarding a rehabilitation bed. Basgall responded and filed a counterclaim against Rayes and a third-party complaint against third-party defendant Willard Frickey alleging a claim for patent infringement. The controversy centers around two rehabilitation beds. The case is before the court on Rayes and Frickey's motion for summary judgment (Doc. 27). For the reasons set forth below, the motion is denied.

### I. SUMMARY JUDGMENT STANDARDS

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The requirement of a "genuine" issue of fact means that the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Essentially, the inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251–52, 106 S.Ct. 2505.

The party moving for summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. This burden may be met by showing that there is an absence of evidence to support the nonmoving party's

case. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). Once the moving party has properly supported its motion for summary judgment, the burden shifts to the nonmoving party to show that there is a genuine issue of material fact left for trial. *See Anderson*, 477 U.S. at 256, 106 S.Ct. 2505. "A party opposing a properly supported motion for summary judgment may not rest on mere allegations or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Id.* Thus, the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment. *See id.* The court must consider the record in the light most favorable to the party opposing the motion. *See Bee v. Greaves*, 744 F.2d 1387, 1396 (10th Cir. 1984).

## II. FACTUAL BACKGROUND

The following facts are either uncontroverted or are based on evidence submitted with summary judgment papers viewed in a light most favorable to the nonmoving party. Immaterial facts and facts not properly supported by the record are omitted.

Rayes designs, develops, and manufactures wheelchairs, bed lifts, bath/shower aids, and other equipment and devices, specializing in bariatric (obese) patient aids. The company is headquartered in Ellis, Kansas. Frickey is the President and CEO of Rayes. Rayes employed Basgall in the Ellis, Kansas facility from October 1994 through early December 1995.

On December 22, 1995, Basgall applied for a provisional patent on a rehabilitation bed. The rehabilitation bed was eventually patented on September 23, 1997, patent number 5,669,090 (the '090 patent).

Rayes offered for sale the BCW XL 1000 Rehabilitation Bed in early December 1994. Prior to December 22, 1994, Rayes published in its products catalog a picture of a rehabilitation bed labeled the BCW XL 1000.

## III. DISCUSSION

In the motion for summary judgment, Rayes and Frickey claim that the bed embodied in Basgall's '090 patent was offered for sale and described in a publication for more than one year prior to the provisional patent application. As a result, they claim that the '090 patent is barred by 35 U.S.C. § 102(b). Section 102 provides that a person shall be entitled to a patent unless "(b) the invention was patented or described in a printed publication in this or a foreign country or in public use or on sale in this country, more than one year prior to the date of the application for patent in the United States …." Basgall applied for the provisional '090 patent on December 22, 1995, making December 22, 1994 the critical date for the application of 35 U.S.C. § 102(b). Rayes and Frickey contend that Rayes' BCW XL 1000 Rehabilitation Bed is the same as the bed embodied in the '090 patent, and because the BCW XL 1000 was offered for sale and published in Rayes' products catalog in early December 1994, Basgall's '090 patent is invalid. Basgall counters this argument with his affidavit setting out features that distinguish the '090 patent bed from the BCW XL 1000. Basgall argues that because the '090 patent bed is distinguishable from the BCW XL 1000 offered for sale and published in early December 1994, the '090 patent is not barred by the one year rule.

After careful review of the submitted evidence, the court concludes that Basgall has proffered sufficient evidence to raise genuine issues of material fact whether the patented bed was described in a printed publication or on sale more than one year prior to the date of the provisional patent application. The court is not entitled "to weigh evidence or pass on the credibility of witnesses in deciding summary judgment issues." *Zuchel ex rel. Zuchel v. Spinharney, City and County of Denver*, 890 F.2d 273, 275 (10th Cir.1989) (citing *Anderson*, 477 U.S. at 249, 106 S.Ct. 2505). Considering the record in the light most favor-

able to Basgall, the court denies the summary judgment motion.

IT IS, THEREFORE, ORDERED that Rayes and Frickey's motion for summary judgment (Doc. 27) is denied.

IT IS FURTHER ORDERED that the court shall schedule a telephone conference to address the parties joint request to continue the trial setting (Doc. 43).

Copies of this order shall be mailed to counsel of record for the parties.

**IT IS SO ORDERED.**